**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>Spanish Broadcasting System, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10708 (BLS)<br><br>Jointly Administered<br><br>**Re: D.I. 16** |

**ORDER (I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL
AND PLAN CONFIRMATION HEARING, (II) ESTABLISHING PLAN AND
DISCLOSURE STATEMENT OBJECTION DEADLINES AND RELATED
PROCEDURES, (III) APPROVING THE SOLICITATION PROCEDURES,
(IV) APPROVING THE CONFIRMATION HEARING NOTICE, AND (V) WAIVING
THE REQUIREMENTS THAT THE U.S. TRUSTEE CONVENE A MEETING OF
CREDITORS AND THE DEBTORS FILE SCHEDULES AND SOFAS**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline, and approving related procedures, (c) approving the Solicitation Procedures, Ballots, and Voting Deadline, (d) approving the form and manner of the Combined Notice, Publication Notice, Non-Voting Notice and Opt-In Release Form; (e) approving the Notice of Assumption and other procedures regarding the assumption and assignment of executory contracts and unexpired leases under the Plan; (f) conditionally directing that the U.S. Trustee not convene the Creditors' Meeting, provided that the Plan is confirmed within sixty (60)

---

[1] The last four digits of Spanish Broadcasting System, Inc.'s federal tax identification number are 7791. The mailing address for Spanish Broadcasting System, Inc. is 7007 NW 77th Ave., Miami, Florida 33166. Due to the large number of Debtors in these cases, for which joint administered for procedural purposes will be sought, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein but may be obtained on the website of the Debtors' solicitation and noticing agent at https://cases.ra.kroll.com/SBS.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

days of the Petition Date; and (g) waiving the requirement that the Debtors file statements of financial affairs and schedules of assets and liabilities, provided that the Plan is confirmed within sixty (60) days of the Petition Date, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, will be held on **June 25, 2026, at 10:00 a.m. (Prevailing Eastern Time)**.

2.      Any objections to adequacy of the Disclosure Statement and confirmation of the Plan must have been received as set forth in paragraph 3 of this Order by **June 18, 2026, at 4:00 p.m. (Prevailing Eastern Time).**

3. Any objections to the Disclosure Statement or confirmation of the Plan must:

(a) be in writing;

(b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules;

(c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity;

(d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

(e) be filed with this Court (including the manners as set forth in the Confirmation Hearing Notice) with proof of service thereof and served upon the Notice Parties so as to be actually received by the Objection Deadline.

4. Any objections not satisfying the requirements of this Order may, in the Court's discretion, not be considered and may be overruled.

5. The Debtors are authorized to continue solicitation of votes on the Plan from Eligible Voting Holders as set forth in the Motion.

6. The Combined Notice, substantially in the form attached hereto as **Exhibit 1**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, and service (or publication) thereof comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved and deemed to be sufficient and appropriate under the circumstances.

7. The Voting Record Date of **May 7, 2026,** and the Voting Deadline of **June 18, 2026, at 5:00 p.m. (Prevailing Eastern Time)** are approved.

8. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

other applicable rules, laws, and regulations, including any applicable registration requirements under the Securities Act, and any exemptions from registration under Blue Sky requirements and are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

9.      The Non-Voting Notice, substantially in the form attached hereto as **Exhibit 3**, the Opt-In Release Form, substantially in the form attached hereto as **Exhibit 4**, and the Ballots, substantially in the forms attached hereto as **Exhibit 5A** (Master Ballot) and **Exhibit 5B** (Beneficial Holder Ballot), and the terms and conditions therein, are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

10.      The Solicitation Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are conditionally approved, subject to any party's right to object at the Confirmation Hearing.

11.      The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims that are (a) unimpaired and conclusively presumed to accept the Plan or (b) impaired and deemed to reject the Plan.  Instead, the Debtors shall provide the Combined Notice, the Non-Voting Notice and the Opt-In Release Form to such holders.

12.      The Notice of Assumption, substantially in the form attached hereto as **Exhibit 6**, is approved.

13.      The Debtors are authorized to make non-substantive and immaterial changes to the materials in the Solicitation Package, including the Ballots, as well as the Non-Voting Notice, the Publication Notice, the Opt-In Release Form, and the Notice of Assumption, and related documents, without further order of the Court.

14.      The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the Confirmation Hearing, commencement of these

chapter 11 cases, deadlines and procedures for objection to approval of the Solicitation Procedures, adequacy of the Disclosure Statement, and confirmation of the Plan, and no other or further notice is necessary.

15.     The U.S. Trustee need not convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed and goes effective on or before **September 25, 2026**; *provided*, that such date may be further extended by an order of the Court upon a notice filed by the Debtors indicating the U.S. Trustee's consent to such further extension, which notice shall be filed on the docket and served on the Notice Parties; *provided*, *further*, that such relief is without prejudice to the Debtors' right to request further extensions (including if the Debtors and the U.S. Trustee are unable to reach an agreement concerning a further extension).

16.     The time by which the Debtors must file the Schedules and SOFAs is extended until **September 25, 2026**, and the requirement to file the Schedules and SOFAs in the event the Plan is confirmed and goes effective on or prior to that date is waived; *provided*, that such deadline to file the Schedules and SOFAs may be further extended by an order of the Court upon a notice filed by the Debtors indicating the U.S. Trustee's consent to such further extension, which notice shall be filed on the docket and served on the Notice Parties; *provided*, *further*, that such relief is without prejudice to the Debtors' right to request further extensions (including if the Debtors and the U.S. Trustee are unable to reach an agreement concerning a further extension).

17.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to

pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 13th, 2026**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE